**Zameer HUSSAIN, Petitioner,**

v.

**Alberto GONZALES, Attorney General of the United States, Respondent.**

No. 06–2887.

United States Court of Appeals, Second Circuit.

April 25, 2007.

Amy Gell, Gell & Gell, New York, NY, for Petitioner.

Angela Liang, U.S. Department of Justice Office of Immigration Litigation (Peter D. Keisler, Assistant Attorney General, Leslie McKay, Senior Litigation Counsel, on the brief), Washington, DC, for Respondent.

PRESENT: Hon. WALKER, Hon. ROBERT D. SACK, and Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Petitioner Zameer Hussain, a citizen of Pakistan, petitions for review of a May 26, 2006, BIA decision affirming the decision of Immigration Judge ("IJ") Roxanne C. Hladylowycz dated November 22, 2004, denying his application for asylum, withholding of removal, and relief pursuant to the CAT. *In re Zameer Hussain*, No. A 78 978 297 (B.I.A. May 26, 2006), *aff'g* No. A 78 978 297 (Immig. Ct. N.Y. City Nov. 22, 2004).

The BIA did not explicitly "adopt" the IJ's decision, but its reasoning closely tracked the findings of the IJ. Accordingly, this Court reviews both the IJ's and the BIA's decisions "for the sake of completeness" where, as here, doing so does not affect the court's ultimate conclusion. *Jigme Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir.2006). We review the agency's factual findings to determine whether they are supported by substantial evidence in the record and the application of legal principles to those findings *de novo*. *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003).

■ The BIA's conclusion that the petitioner "failed to demonstrate ... that the authorities were unwilling to help him" is supported by substantial evidence. The two beatings petitioner suffered could qualify as "persecution" rising above mere harassment, *see Beskovic v. Gonzales*, 467 F.3d 223, 225 (2d Cir.2006), but only if there was sufficient evidence of the requisite governmental nexus. In order to qualify for asylum, the petitioner is required to show that he is outside his native country and he is "unwilling to return to, and is unable or unwilling to avail himself ... of the protection of[ ] that country because of persecution or a well-founded fear of persecution...." 8 U.S.C. § 1101(a)(42)(emphasis added). Thus, non-governmental acts rise to persecution only "if the government has proved unwilling to control such actions." *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 342 (2d Cir.2006).

Assuming Hussain's credibility, there was insufficient evidence that the police in Pakistan were unwilling to control actions of Muslim League members, or that the arrest warrant was either unwarranted or likely to result in future persecution upon Hussain's return to Pakistan. Hussain therefore failed to establish either past persecution or a well-founded fear of future persecution.

Since Hussain was unable to show the objective likelihood of persecution needed to make out an asylum claim, he necessarily did not meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006); *Carmen Gomez v. INS*, 947 F.2d 660, 665 (2d Cir.1991).

Hussain has failed to present any meaningful challenge to the denial of his CAT claim. Accordingly, the petitioner waived his CAT claim. *See Mirzoyan v. Gonzales*, 457 F.3d 217, 224 (2d Cir.2006).

For the foregoing reasons, the petition for review of the order of the Board of Immigration Appeals is hereby DENIED.